UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WHITNEY ANTOINE | CIVIL ACTION |
| VERSUS | NO. 06-10546 |
| CITY OF NEW ORLEANS<br>NOPD SUPERINTENDENT WARREN RILEY<br>NOPD OFFICER JOHN DOE<br>NOPD OFFICER JANE DOE | SECTION "C" |

ORDER AND REASONS[1]

This matter comes before the Court on motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) filed by defendants City of New Orleans and New Orleans Police Superintendent Warren Riley ("Riley"). Riley argues that under the applicable Louisiana law the claim was subject to liberative prescription of one year, and that the Complaint was not filed within one year of the alleged incident. Having considered the record, the memoranda of counsel, and the law, the motion to dismiss is denied.

Whitney Antoine ("Antoine") sued Riley, the City of New Orleans, and two unnamed police officers for assault, battery, unlawful arrest, false imprisonment, failure to act, and negligence under 42 U.S.C. § 1983 and applicable state law. According to the Complaint, Antoine had recently returned to New Orleans for the first time since evacuation for Hurricane Katrina. On November 13, 2005, Antoine was driving her motor vehicle in the city when two New Orleans police officers stopped her for an alleged traffic violation. One male officer

---

[1] David M. G. Ross, second year student at Tulane University Law School, contributed to the research and preparation of this decision.

became hostile, abusive, and physically violent toward her, while a second female officer observed.  The officers then placed Antoine under arrest and transported her to Orleans Parish Prison.  Antoine allegedly suffered physical injury, emotional distress, and as a result does not feel safe to return to her New Orleans home from Atlanta.  As Antoine filed her Complaint under 42 U.S.C. § 1983, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

This motion seeks dismissal under Rule 12(b)(6) pursuant to La. C.C. Art. 3492.  As there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts are to borrow the forum state's statute of limitations or prescriptive period for an analogous claim.  *Braden v. Texas A & M University System*, 636 F.2d 90, 92 (5th Cir. 1981).  Claims based on the deprivation of a person's Constitutional rights and the laws of the United States are in essence tort claims, so the analogous Louisiana state law claim should sound in delict.  *See* Id.  Under Louisiana law, a party must file a delictual action arising from a non-criminal act within one year of the incident that gave rise to it.  La. C.C. Article 3492.  Therefore, under Louisiana law the appropriate prescriptive period or limitation for this action is one year.

Riley argues that Antoine's claim was not filed within one year following the incident.  The Complaint was stamped "filed" on November 28, 2006, more than one year later than November 13, 2005.  However, on the back of the first page of the Complaint, an employee of the Clerk of Court's Office noted "TENDERED FOR FILING" and stamped the date "NOV 13 2006."  Although the Complaint was stamped on its face as having been filed November 28, 2006, the delay is attributable to the fact that Antoine's application to proceed *in forma pauperis* ("IFP") was not granted until that date.  The law of the Fifth Circuit is that "a delay by the clerk in stamping the Complaint 'filed' due to the pendency of a motion to proceed IFP does not

jeopardize the timeliness of the plaintiff's commencement of suit." *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991).  The receipt of the Complaint by the Clerk of Court is the operative event considered in determining timeliness.  *Martin v. Demma*, 831 F.2d 69 (5th Cir. 1987).  According to Riley, the last day to file was November 13, 2006.  As Antoine did file her IFP application on November 13, 2006, thereby commencing the present action, the Complaint was filed in a timely manner.

Furthermore, in the wake of Hurricane Katrina this Court imposed a suspension of all prescriptive periods that was lifted effective November 25, 2005.  The alleged incident occurred November 13, 2005, during this Court's period of suspension, meaning that prescription for the plaintiff's delictual claim did not begin to run until November 25, 2005.  Accordingly, the plaintiff's last date to bring suit was actually November 25, 2006, not November 13, 2006 as the defendants claim.  In either case, the plaintiff's claim was timely filed.

Accordingly, IT IS ORDERED that defendants' motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) filed by defendants City of New Orleans and New Orleans Police Superintendent Warren Riley is DENIED.  (Rec. Doc. 11).

New Orleans, Louisiana this 24th day of May, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE